## TARN v. UNITED STATES.*

(Circuit Court of Appeals, Third Circuit. December 6, 1926.)

No. 3469.

1. Appeal and error ⬦1008(2)—Trial judge's findings after waiver of jury have same force and effect as verdict, if based on competent evidence.

Findings of fact by trial court after waiver of jury, if based on competent evidence, have same force and effect on appeal as verdict of jury.

2. United States ⬦97—Employee, permitting employers to recommend device for use of government, held not entitled to damages for infringement of patent.

Employee of contractors constructing vessel for government, taking out patent on device and allowing employers to recommend, and government to use, device on .vessels, held not entitled to damages for alleged infringement.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

*Certiorari denied 47 S. Ct. 472, 71 L. Ed. —.

Suit by Thomas R. Tarn against the United States. Judgment for the United States, and plaintiff brings error. Affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for plaintiff in error.

John D. Meyer, U. S. Atty., and Raymond D. Evans, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Thomas R. Tarn brought suit against the United States to recover damages for alleged infringement of patent No. 1,-327,643, granted to him for a "combined steering and handling system for towboats and other vessels." It appears that the firm of Cox & Stevens, marine architects, were employed by the government to prepare plans and specifications for the construction of certain vessels. In carrying out their contract, one of their employees in the course of his employment devised a certain form of tunneled propellers which Cox & Stevens embodied in their plans, and which the government accepted and used, and for which use Tarn now sues.

[1] The case turned on whether under the facts proved Tarn had shown any obligation on the part of the government to pay. Trial by jury was waived, and the cause heard by the judge below, whose findings of fact, if based on competent evidence, came before us with the force and effect of the verdict of a jury. On this underlying question in the case the court found: "There is no evidence of any verbal agreement between Tarn and any official of the government to pay the plaintiff any compensation for the use of his steering system. There are no facts proven from which an implied contract could be found. From these facts, we find as a matter of law that there is no contract, express or implied, between the plaintiff and defendant to pay Tarn reasonable compensation for the use of his steering gear, and that the defendant is entitled to judgment in its favor."

[2] Without undertaking to discuss the proofs from which the findings of fact were made, which, as we have said, are conclusive and not subject to review, we have examined the proofs nevertheless, and concur fully in the court's findings of fact and conclusions of law. The firm of Cox & Stevens was employed by the government to design certain boats. Tarn accepted employment by them, and in pursuance of such employment, and while paid by them in carrying out their

contract, he devised the mechanism here in question, and with his acquiescence it was embodied in his employers' plans and accepted by the government. Tarn had no relation to or with the government. Without knowledge of Cox & Stevens or of the government's officials in charge of the construction of these vessels, Tarn took out a patent, but allowed Cox & Stevens to recommend and the government to use his device without making any claim on the government.

Under such circumstances the court committed no error on entering the judgment for the government, which judgment we now affirm.